THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALAN EDUARDO CHAVARIN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING [1] MOTION TO VACATE SENTENCE**<br><br>Case No. 2:20-cv-00605-DBB<br><br>District Judge David Barlow |

Before the court is Petitioner Alan Eduardo Chavarin's motion to vacate a criminal conviction and sentence pursuant to 28 U.S.C. § 2255.[1] Chavarin contends that his pretrial counsel, trial counsel, and sentencing counsel provided ineffective assistance.[2] Having considered the briefing, exhibits, relevant law, and supplemental submissions the court finds that "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[3] Therefore, no hearing will be held and the motion is denied.

## I. BACKGROUND

On November 30, 2016, Chavarin was indicted on one criminal count for possession of heroin with intent to distribute.[4] On September 19, 2017, a jury trial commenced,[5] and on

---

[1] Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Motion), ECF No. 1, filed August 28, 2020.

[2] *See id.*

[3] *See* 28 U.S.C. § 2255(b).

[4] Doc. No. 8, *United States v. Chavarin*, 2:16-cr-00609-DB. To avoid confusion, the court refers to documents in the underlying criminal case using "Doc. No. #" and refers to documents in the instant collateral challenge using "ECF No. #."

[5] Doc. No. 50.

September 22, 2017, the jury returned a guilty verdict as to the sole count of the indictment.[6] On January 4, 2018, the court sentenced Chavarin to a term of 188 months of imprisonment, 5 years of supervised release, no fine or restitution, and a mandatory special assessment fee of $100.[7] Chavarin appealed to the Tenth Circuit,[8] which affirmed the judgment against Chavarin.[9]

## II. DISCUSSION

Chavarin presents a total of eleven instances of pretrial, trial, and sentencing counsel's ineffective assistance. Chavarin argues that pretrial counsel failed to (1) communicate with him and provide him information that he needed to assess the government's case-in-chief, including discovery and other evidence in order for him to make an informed decision as to whether to proceed to trial or plead guilty; (2) conduct an adequate and independent pretrial investigation including interviewing any defense or government witnesses on his behalf; and (3) attempt to negotiate a reasonable plea agreement with the government.[10] Chavarin next argues that trial counsel failed to: (4) convey the trial strategy and inform him of any affirmative defense; (5) prepare for trial, research the applicable law, and review the discovery the government provided; (6) subpoena or call any defense witnesses on his behalf; (7) lodge proper objections; and (8) act as an effective advocate at trial.[11] Chavarin finally argues that sentencing counsel

---

[6] Doc. No. 57.

[7] Doc. Nos. 67, 68, 70.

[8] Doc. Nos. 71, 73.

[9] Doc. No. 87.

[10] Motion at 2.

[11] *Id.*

failed to: (9) review, discuss, or explain the Presentence Report (PSR); (10) object and argue for mitigation of his sentence; (11) argue that his sentence was substantively unreasonable.[12]

In response to Chavarin's arguments, the government contends that Chavarin's § 2255 motion should be dismissed because he does not provide evidence to support his allegations,[13] his claims are procedurally barred because he did not raise them on direct appeal,[14] he cannot establish the requisite cause or prejudice to overcome the procedural bar,[15] and he cannot establish ineffective assistance of counsel.[16]

### A. The Procedural Bar Does Not Apply to Ineffective Assistance of Counsel Claims.

In general, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."[17] However, the United States Supreme Court has held "that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."[18] Therefore, Chavarin's claims are not procedurally barred.

### B. Chavarin Does Not Provide Evidence to Support His Allegations.

Conclusory allegations without supporting facts are insufficient to support a claim raised under § 2255.[19] Although the court "must liberally construe [a defendant's] pro se petition," the

---

[12] *Id.*

[13] Opposition at 13–14.

[14] *Id.* at 15–16.

[15] *Id.* at 16–17.

[16] *Id.* at 17–28.

[17] *Massaro v. United States*, 538 U.S. 500, 504 (2003).

[18] *Id.*

[19] *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

court is "not required to fashion [a defendant's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments."[20] The lack of factual averments is particularly apparent for five of his claims, and his motion is thus denied on that basis as to the following claims.

Chavarin's first claim is that pretrial counsel failed to communicate with him and provide him information that he needed to assess the government's case-in-chief, including discovery and other evidence in order for him to make an informed decision as to whether to proceed to trial or plead guilty.[21] Chavarin sets forth no evidence to support this claim. He only makes conclusory allegations that pretrial counsel "failed to reasonably consult with Chavarin about the means to be used to accomplish his objectives," that "there was not any regular communication between [pretrial counsel] and Chavarin regarding his case," and that "[t]here was no proper communication at all."[22] These conclusory allegations are insufficient to support Chavarin's claim.[23] Chavarin does make one specific claim: "Bautista went to visit Chavarin only once for about 20–30 minutes."[24] This specific allegation and Chavarin's numerous conclusory allegations are contradicted by his counsel's declaration the government submitted in response to

---

[20] *Id.*

[21] Motion at 17–28.

[22] *Id.* at 19.

[23] Additionally, the record contains Chavarin's first and second motions to continue trial, both of which state that the "defendant [was] aware that of [sic] counsel's efforts and believe[d] additional time [was] essential to properly defend him or obtain a just resolution." Doc. Nos. 21, 23. These statements directly contradict Chavarin's claim of ineffective assistance.

[24] Motion at 19.

the court's request for supplemental evidence.[25] Counsel declared that he personally visited Chavarin "at least on four occasions."[26] The court credits counsel's Declaration. Chavarin's motion is therefore denied as to his first claim.

Chavarin's second claim is that pretrial counsel failed to conduct an adequate and independent pretrial investigation including interviewing any defense or government witnesses on his behalf.[27] Again, Chavarin only supports this claim with conclusory allegations such as counsel "failed to get adequate information from witnesses," "[t]here was no independent pretrial investigation to challenge the government's case-in-chief," and "[t]here were no (0) witnesses presented on behalf of Chavarin."[28] These conclusory allegations are insufficient to support his second claim, and his motion is accordingly denied as to this claim.[29]

Chavarin's fifth claim is that his trial counsel failed to prepare for trial, research the applicable law, and review the discovery the government provided.[30] Chavarin sets forth no evidence to support this claim. He asserts certain "failures," but cites to no evidence and gives no

---

[25] Chavarin also submitted a response to the court's request for supplemental evidence. However, Chavarin's response provided no new information, was not in the form of an affidavit or declaration, and merely restated the conclusory statements from his previous pleadings.

[26] Declaration of Defense Attorney Rudy J. Bautista (Declaration), ECF No. 11-1 at ¶ 4, filed August 6, 2021.

[27] Motion at 17–28.

[28] *Id.* at 22–23, 29, 30.

[29] Also, the record contains Chavarin's second motion to continue trial. Doc. No. 23. This motion indicates that defense counsel needed to "complete the mitigation investigation regarding the potential plea settlement to advise the defendant in regards to the plea settlement" and that Chavarin was "aware" of these efforts and "believe[d] additional time [was] essential to properly defend him or obtain a just resolution." *Id.* The parties subsequently submitted two additional joint motions to continue trial, which provide that the "discovery in this case includes a video, interviews, and reports." Doc. Nos. 25, 28. They further provide that defense counsel "has been working through all the discovery provided by the United States, as well as discussing potential plea offers and settlements, while also investigating the case." Doc. Nos. 25, 28. These pleadings serve as a secondary indication that Chavarin's claim is without merit.

[30] Motion at 29–31.

specific examples that, if true, would support a claim of ineffective assistance of counsel.[31] Instead, Chavarin makes conclusory allegations that counsel "failed to get adequate information from witnesses and Chavarin himself;" "failed to support their defense that Chavarin was being threatened and was in fear of his life and his family's;" and "did not prepare Chavarin for trial."[32] Notably, Chavarin does not mention anything about researching the applicable law and reviewing the government's discovery. Chavarin's fifth claim is not supported by any evidence, and his motion is accordingly denied on that basis.

Chavarin's eighth claim is that his trial counsel failed to act as an effective advocate.[33] Chavarin lumped this claim together with his argument about his fifth claim.[34] The conclusory statements described above are similarly insufficient to support his eighth claim because of the lack of evidence. Moreover, this claim is directly contradicted by Chavarin's description of what happened at the close of evidence when the district court agreed to give Chavarin's requested coercion instruction.[35] Chavarin indicates that "the court commented that Chavarin's testimony . . . had been developed 'through a fairly effective use of leading questions' from defense counsel."[36] Chavarin cannot argue on the one hand that his trial counsel was ineffective while noting on the other hand that the court commented positively on counsel's efficacy. Chavarin's

---

[31] *See id.*

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.* at 8.

[36] Motion at 8 (quoting Doc. No. 77 at 253–54).

allegation here is not only conclusory and not supported by evidence but is in fact contradicted by the evidence Chavarin cites. His motion is therefore denied on this claim.

Chavarin's eleventh claim is that his sentencing counsel failed to argue that Chavarin's sentence was substantively unreasonable. Chavarin makes no specific argument about this claim in the motion. As with Chavarin's eighth claim, his own description of what happened at the sentencing phase contradicts this claim. Chavarin states in his motion that counsel filed a Sentencing Memorandum "asking for the Court to vary downward from the otherwise applicable guideline range and sentence Chavarin to 121 months"[37] and makes further averments about what the request for downward departure included.[38] The lack of evidence supporting Chavarin's claim combined with the affirmative averments contradicting his claim lead the court to conclude that Chavarin's argument here is without merit. His motion is denied as to his eleventh claim.

### C. Chavarin Cannot Establish Ineffective Assistance of Counsel.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."[39] "[C]ourts are free to address these two prongs in any order."[40] And because a petitioner must satisfy both prongs, if a petitioner fails to satisfy one of the prongs, courts need not address the remaining prong.[41] When evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

---

[37] *Id.* at 32 (citing Doc. No. 64).

[38] *Id.*

[39] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[40] *Ellis v. Raemisch*, 872 F.3d 1064, 1085 (10th Cir. 2017) (citation and internal quotation marks omitted).

[41] *Id.*

professional assistance" and "might be considered sound trial strategy."[42] Thus the movant bears the burden of showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[43] Chavarin has not met this burden, and his motion is therefore denied as to his remaining claims.

    Chavarin's third claim is that pretrial counsel failed to attempt to negotiate a reasonable plea agreement with the government.[44] Chavarin asserts that "pleading guilty was never discussed with Chavarin" and "Bautista did not convey any plea offers."[45] Chavarin directly contradicts this claim in his briefing. He asserts that counsel told him that "for both trial and guilty plea, Chavarin would be given the same ten (10) years' maximum sentence."[46] He also asserts that if counsel had "put the government's case to any kind of adversarial test . . . there is a reasonable probability that Chavarin would have pleaded guilty."[47] Bautista's Declaration also rebuts Chavarin's claims, noting that the two "discussed possible options as well as potential concerns of proceeding to trial."[48] Also, "[a]ny plea offers made by the prosecution were conveyed to Mr. Chavarin."[49]

    Chavarin's reply contains other contradictory statements including that he "proceeded to trial pursuant to his counsel's . . . erroneous advi[c]e;" that counsel "pushed Chavarin to go to

---

[42] *Strickland*, 466 U.S. at 689 (citation and internal quotation marks omitted).

[43] *Id.* at 687.

[44] Motion at 17–28.

[45] *Id.* at 20.

[46] *Id.* at 19–20.

[47] *Id.* at 23.

[48] Declaration at ¶ 5.

[49] *Id.*

trial;" that there was a "reasonable probability that he would have opted to plead guilty;" and, finally, that counsel made Chavarin "believe that he would be given the same ten (10) years' maximum sentence whether he pleads guilty or proceed[s] to trial."[50] Bautista's Declaration further attests that "[m]any of the discussion[s] between Mr. Chavarin and [counsel] related as to how [they] could pierce the ten-year minimum mandatory sentence he was subjected to by virtue of his criminal charge."[51] Chavarin's assertions and counsel's declaration demonstrate that Chavarin was aware of any plea offers.[52] Thus, this claim cannot be the basis for any finding of ineffective assistance of counsel.

Chavarin's fourth claim is that trial counsel failed to convey his trial strategy and inform Chavarin of any affirmative defense.[53] In his motion, Chavarin provides that the "sole strategy was to claim that Chavarin was forced on doing the illegal drug transportation—that he did not want to do it but he had no choice."[54] This belies his argument that counsel did not convey his trial strategy. However, later in his motion, Chavarin avers that counsel "failed to consult and explain the general strategy and prospects of success"[55] and that he "was not provided with clear

---

[50] Reply at 5–7. Chavarin repeatedly references a supposed ten-year *maximum* sentence. The record reflects that he was facing a ten-year mandatory *minimum* and a maximum term of life imprisonment under 21 U.S.C. § 841(b)(1)(A). The record also shows that Chavarin was arraigned on the Indictment before Magistrate Judge Pead on November 30, 2016, during which the penalties he was facing were identified, including the mandatory minimum of ten years imprisonment and the maximum of life imprisonment. Doc. No. 14.

[51] Declaration at ¶ 5.

[52] Moreover, the record contains Chavarin's first motion to continue trial, which states, "Defense counsel has discussed a potential plea settlement, however, he must first complete the review of discovery issues, investigations and all potential defenses to advise the defendant in regards to the potential plea settlement." Doc No. 21. Chavarin's second motion to continue trial states, "Defense counsel has discussed a potential plea settlement, however, he must first complete the mitigation investigation regarding the potential plea settlement to advise the defendant in regards to the potential plea settlement." Doc No. 23.

[53] Motion at 29–31.

[54] *Id.* at 19.

[55] *Id.* at 20.

strategy on how his counsel would attack the case."[56] These statements are also contradicted by Chavarin's discussion of coercion as a defense tactic.[57] Additionally, in his declaration, counsel provides that he "personally visited Mr. Chavarin at least on four occasions" and that, among other things, the "purpose of these visits was to discuss the facts of the case, any possible defenses, [and] the overall strategy of the defense."[58] Chavarin's motion is denied on this claim because his own averments and his counsel's declaration contradict his conclusory allegations about trial counsel's efficacy.

Chavarin's sixth claim is that trial counsel failed to subpoena or call any defense witnesses on Chavarin's behalf.[59] In his motion, Chavarin states that his counsel "believed that [calling witnesses on Chavarin's behalf] could hurt Chavarin more."[60] If that were true, then it would suggest that counsel made a strategic choice and, therefore, Chavarin has failed to demonstrate that counsel's performance was "completely unreasonable."[61]

Chavarin's seventh claim is that trial counsel failed to lodge proper objections. Chavarin states that counsel "never objected to the court's inadequate explanation,"[62] but he does not identify what that inadequate explanation was, and in any event, an objection would not be to the court but to opposing counsel. Even construing Chavarin's statement as applying to a failure to object to something done or said by opposing counsel, the argument still lacks factual averments.

---

[56] *Id.* at 29.

[57] *Id.* at 7–9, 19.

[58] Declaration at ¶ 4.

[59] Motion at 29–31.

[60] *Id.* at 30.

[61] *Hooker v. Mullin*, 293 F.3d 1232, 1243 (10th Cir. 2002) (citation omitted).

[62] Motion at 30.

And, once again, declining to object could be considered a strategic choice. Chavarin has not demonstrated otherwise and therefore the court cannot find ineffective assistance of counsel on this claim.

Chavarin's ninth claim is that sentencing counsel failed to review, discuss, or explain the Presentence Report to Chavarin.[63] Chavarin did not provide any factual averment related to this conclusory allegation. Moreover, counsel objected to the PSR[64] and filed a memorandum discussing mitigating circumstances and requesting a downward departure from the sentencing guidelines range.[65] Chavarin identifies this action in his motion, which suggests that counsel did review the PSR and that Chavarin had at least some explanation of the PSR. Therefore, Chavarin has not demonstrated that counsel's performance was "completely unreasonable."[66] His motion is denied as to this claim.

Chavarin's tenth claim is that sentencing counsel failed to object and argue for mitigation of Chavarin's sentence. This argument is directly contradicted in Chavarin's motion where he acknowledges that counsel filed a "Sentencing Memorandum" "asking for the Court to vary downward from the otherwise applicable guideline range."[67] Once again, Chavarin has not met his burden to demonstrate counsel's error and his motion is denied as to this claim.

---

[63] *Id.* at 31.

[64] Doc. No. 59-1.

[65] Doc. No. 64.

[66] *Hooker*, 293 F.3d at 1243 (citation omitted).

[67] Motion at 32.

## ORDER

For the reasons stated in this Memorandum Decision and Order, the court DENIES Petitioner's Motion to Vacate Pursuant to 28 U.S.C. § 2255. The petition is DISMISSED WITH PREJUDICE.

Signed August 10, 2021.

BY THE COURT

David Barlow
United States District Judge